IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NATHANIEL L. JACKSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civ. No. 13-1705-SLR ) |
| JEFFREY A. GOTT, et al., | ) ) |
| Defendants. | ) ) |

**MEMORANDUM**

1. **Introduction.** Plaintiff Nathaniel L. Jackson ("plaintiff") is a pretrial detainee at the James T. Vaughn Correctional Center ("VCC"), Smyrna, Delaware, who proceeds pro se and has been granted in forma pauperis status. He filed this complaint pursuant to 42 U.S.C. § 1983 claiming violations of his constitutional rights.[1] (D.I. 3) He also requests counsel. (D.I. 7)

2. **Standard of Review.** This court must dismiss, at the earliest practicable time, certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. Phillips v. County of Allegheny, 515 F.3d 224, 229 (3d Cir. 2008);

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

*Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because plaintiff proceeds pro se, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

3. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

4. The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the court must grant plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

5. A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Id.* at 1949. When determining whether dismissal is appropriate, the court conducts a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11. Second, the court must determine whether the facts alleged in the complaint are sufficient to show that plaintiff has a "plausible claim for relief."[2] *Id.* at 211. In other words, the complaint must do more than allege plaintiff's entitlement to relief; rather it must "show" such an entitlement with its facts. *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 678 (quoting Fed. R. Civ. P. 8(a)(2)).

6. **Allegations in the Complaint**. In the early morning of August 10, 2013, plaintiff was detained by the Dover Police Department, arrested, and taken to the police station where he was questioned by defendant Jeffrey A. Gott ("Gott"), a detective with

---

[2]A claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*

3

the Dover Police Department, about an assault. Gott was told that a fellow officer had seen two individuals running in the direction of the house where plaintiff was sleeping. Gott was also told that plaintiff had been awakened by gunshots. The house was not plaintiff's home; he was only spending the night there. During questioning, Gott told plaintiff that, "because he couldn't help him by giving information," plaintiff would be charged with possession of weapons that were found in the basement ceiling of the residence. Plaintiff indicated to Gott that "he knew nothing and he couldn't be charged with weapons due to it not being his home . . . . plaintiff explained that he had a job that he needed to get to." (D.I. 3)

7. That evening, plaintiff was charged with assault first degree, possession of a firearm during the commission of a felony, possession by a person prohibited, and conspiracy second degree. Plaintiff alleges that he was falsely charged with the crimes. Plaintiff alleges Gott did not conduct a proper and full investigation and that he lost his job due to the charges. Plaintiff further alleges that he was maliciously prosecuted, arrested, and detained without probable cause "due to original suspects were identified before transported" to the VCC.

8. With regard to defendant Delaware State News ("State News"), plaintiff alleges that he was defamed in a newspaper article and when the news station ran the story that he was involved in assault in the first degree. Plaintiff alleges that defendant Tim Stump ("Stump"), the captain of the Dover Police Department, made several comments to the State News that plaintiff and other individuals were chased into the home where plaintiff spent the night. Plaintiff seeks lost wages and compensatory damages.

4

9. **Unlawful Detention and Arrest**. Plaintiff alleges that he was unlawfully detained and arrested because Gott did not conduct an adequate investigation and arrested plaintiff simply because he was unable to provide Gott with information of the alleged crimes.

10. "To state a claim for false arrest under the Fourth Amendment, a plaintiff must establish: (1) that there was an arrest; and (2) that the arrest was made without probable cause."[3] *James v. City of Wilkes-Barre*, 700 F.3d 675, 680 (3d Cir. 2012); *see also Albright v. Oliver*, 510 U.S. 266, 274-75 (1994). A claim for false imprisonment arises when a person is arrested without probable cause and is subsequently detained pursuant to that unlawful arrest. *See Adams v. Selhorst*, 449 F. App'x 198, 201 (3d Cir. 2011) (per curiam) (unpublished) (citing *Groman v. Township of Manalapan*, 47 F.3d 628, 636 (3d Cir. 1995). A claim under § 1983 for false imprisonment based on a detention pursuant to that arrest refers only to the period of incarceration lasting from the moment of arrest until the first legal action, e.g., an arraignment. *See Groman*, 47 F.3d at 636. "False arrest and false imprisonment overlap; the former is a species of the latter," *Wallace v. Kato*, 549 U.S. 384, 388 (2007), and the damages recoverable under such claims are limited to those ensuing from the period of detention until the first legal action. *See Connelly v. Wren*, 2013 WL 74233, at *4 (D.N.J. Jan. 4, 2013).

---

[3] "Probable cause to arrest exists when the facts and the circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested.'" *Merkle v. Upper Dublin Sch. Dist.*, 211 F.3d 782, 788 (3d Cir. 2000) (quoting *Orsatti v. New Jersey State Police*, 71 F.3d 480, 482 (3d Cir. 1995)). The arresting officer must only reasonably believe at the time of the arrest that an offense is being committed, a significantly lower burden than proving guilt at trial. *See Wright v. City of Phila.*, 409 F.3d 595, 602 (3d Cir. 2005).

5

Liberally construing the allegations as the court must, the allegations suffice to state a claim that plaintiff was arrested without probable cause. Plaintiff will be allowed to proceed with the unlawful detention and arrest claim raised against Gott.

11. **Malicious Prosecution**. Plaintiff alleges malicious prosecution. "To prevail on a malicious prosecution claim under section 1983, a plaintiff must show that: (1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in the plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." *See McKenna v. City of Phila.*, 582 F.3d 447, 461 (3d Cir. 2009).

12. It appears that plaintiff's criminal case remains pending as indicated by Vinelink, a database that provides for the location of inmates and whether charges are pending in the State of Delaware. *See* www.vinelink.com. Because there has been no final determination in plaintiff's criminal proceeding, the complaint fails to allege the elements of a malicious prosecution claim. Therefore, the court will dismiss the claim as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915(A)(b)(1).

13. **Defamation**. Plaintiff raises a supplemental State claim of defamation against State News and Stump. Under Delaware law, generally, the elements of defamation are: (1) a defamatory communication; (2) publication; (3) the communication refers to the plaintiff (4) a third party's understanding of the communication's defamatory character and (5) injury. *Bickling v. Kent Gen. Hosp., Inc.*, 872 F.Supp. 1299, 1307 (D. Del. 1994).

14. Plaintiff alleges that Stump told the State News that plaintiff and other individuals were chased into the home where plaintiff was spending the night. Plaintiff, who denies that he was involved in the assault at issue, further alleges that State News defamed him in an article and news station story when it stated that plaintiff was involved in the assault.

15. Liberally construing the allegations, the court finds that plaintiff has alleged a supplemental State claim of defamation against Stump and State News. Plaintiff will be allowed to proceed with the claims.

16. **Request for Counsel**. Plaintiff requests counsel on the grounds that he has limited access to legal materials, he cannot properly investigate this matter due to his incarceration, he has little knowledge of litigation procedure, and counsel has "more free range of motion in properly investigating this matter." (D.I. 7)

17. A pro se litigant proceeding in forma pauperis has no constitutional or statutory right to representation by counsel.[4] See Brightwell v. Lehman, 637 F.3d 187, 192 (3d Cir. 2011); Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993). However, representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law. Tabron, 6 F.3d at 155.

18. After passing this threshold inquiry, the court should consider a number of factors when assessing a request for counsel, including:

(1) the plaintiff's ability to present his or her own case;

---

[4] See Mallard v. United States Dist. Court for the S. Dist. of Iowa, 490 U.S. 296 (1989) (§ 1915(d) (now § 1915(e)(1)) does not authorize a federal court to require an unwilling attorney to represent an indigent civil litigant, the operative word in the statute being "request.".

>(2) the difficulty of the particular legal issues; (3) the degree
>to which factual investigation will be necessary and the ability
>of the plaintiff to pursue investigation; (4) the plaintiff's capacity
>to retain counsel on his own behalf; (5) the extent to which a
>case is likely to turn on credibility determinations; and
>(6) whether the case will require testimony from expert witnesses.

Tabron, 6 F.3d at 155-57; accord Parham, 126 F.3d at 457; Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002).

19. Plaintiff's filings indicate that he possesses the ability to adequately pursue his claims. Moreover, this case is in its early stages. Upon consideration of the record, the court is not persuaded that representation by an attorney is warranted at this time. The court can address the issue at a later date should counsel become necessary. Therefore, the court will deny the request for counsel without prejudice to renew.

20. **Conclusion**. For the above reasons, the court concludes that, with the exception of the malicious prosecution claim, plaintiff has alleged what appear to be cognizable and non-frivolous claims against defendants. Plaintiff will be allowed to proceed with the unlawful detention and arrest and defamation claims. The malicious prosecution claim will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1). Plaintiff's request for counsel will be denied without prejudice to renew. (D.I. 7) A separate order shall issue.

Dated: January 15, 2014

_____
UNITED STATES DISTRICT JUDGE